IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 06-cv-02395-WYD

DWIGHT NEAL,

     Applicant,

v.

H. A. RIOS, JR., Warden,

     Respondent.

_____

ORDER DENYING 28 U.S.C. § 2241 APPLICATION

_____

     Applicant, Dwight Neal, Register Number 07007-424, was a prisoner in the custody of the United States Bureau of Prisons (BOP) who was incarcerated at the United States Penitentiary, High Security, in Florence, Colorado (USP Florence), when he initiated the instant action by filing *pro se* a habeas corpus application pursuant to 28 U.S.C. § 2241. Through the habeas corpus application, Mr. Neal challenges the execution of his sentences by attacking the BOP's computation of his sentences.

     On April 8, 2008, I ordered the respondent to supplement the record by providing within thirty days any information available concerning Mr. Neal's whereabouts. At the time of the April 8 order, the inmate locator on the BOP website, www.bop.gov, indicated that Mr. Neal had been released from custody on December 21, 2007. I also directed the respondent to brief the court as to whether the instant habeas corpus action now is moot.

On April 18, 2008, the copy of the April 8, 2008, order to supplement mailed to Mr. Neal at his USP Florence address was returned to the court in an envelope marked "Return to Sender Attempted – Not Known Unable to Forward." On April 25, 2008, the respondent submitted a response to the April 18 order to supplement.

In the April 25, 2008, response, the respondent asserts that on July 9, 2007, Mr. Neal was released from USP Florence to the Pact-Bradley House, 132 E. 6th Street, Michigan City, Indiana, a residential re-entry center. He remained there until August 14, 2007, when he was placed in the local county jail, apparently for violating the center's rules. Rather than being returned to USP Florence, he was permitted to complete his sentence in the county jail until his release on December 21, 2007, via good-conduct-time release. Respondent further asserts that although Mr. Neal has satisfied the supervised release violator term imposed in *United States v. Neal*, No. 3:96-cr-00005-RLM (N.D. Ind. Apr. 28, 2004), when he was released on December 21, 2007, he began the two-year term of supervision imposed in *United States v. Neal*, No. 3:04-cr-00041-RL (N.D. Ind. Jan. 20, 2005), as a result of his 18 U.S.C. § 922(g) conviction.

Respondent noted that while it appears that Mr. Neal's release address was 742 Camden Street, South Bend, Indiana 46614, the legal residence listed for him in SENTRY, the BOP's national database that tracks various data regarding an inmate's confinement, is 517 E. Farview Avenue, South Bend, Indiana 46614. However, according to the United States Probation Office responsible for supervising Mr. Neal, as of April 22, 2008, the applicant's current address is 705 Lincoln Way East, Apartment D, South Bend, Indiana 46601. Respondent contended that as a result of Mr. Neal's release, the instant action has become moot.

2

On May 1, 2008, based upon the information provided in the April 25, 2008, response, I ordered Mr. Neal to show cause within fifteen days why the habeas corpus application should not be denied as moot because as a result of his release he has received the relief requested in this action. I directed the clerk of the court to mail a copy of the May 1 order to Mr. Neal at his current address at 705 Lincoln Way East, Apartment D, South Bend, Indiana 46601. In the May 1 order, I warned Mr. Neal that his failure to respond as directed within the time allowed would result in the denial of the application and the dismissal of the action without further notice.

Mr. Neal has failed within the time allowed to respond to the May 1, 2008, show-cause order or otherwise to communicate with the court in any way. Accordingly, it is

ORDERED that the habeas corpus application is **DENIED** for failure to prosecute and as moot, and that this civil action is **DISMISSED** without prejudice.

DATED: August 20, 2008.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL
U. S. DISTRICT JUDGE